UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE E. PAULINO, a/k/a, ERNESTO SUAREZ-POLENCO | : CIVIL ACTION NO. 3:CV-03-0884 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| S.A. YATES, Warden, et al., | : |
| Defendants | : |

**MEMORANDUM AND ORDER**

**Background**

On May 22, 2003, Plaintiff, Jose E. Paulino ("Paulino"), filed the above captioned action complaining of events which occurred while he was confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania.[1] He proceeds *pro se* and *in forma pauperis*. Since the filing of the original complaint, Plaintiff has amended his complaint three times. On July 16, 2004, Paulino filed his third amended complaint which added seven new Defendants. (See Doc. 66, third amended complaint).

On September 27, 2004, Defendants' counsel filed a motion to dismiss Plaintiff's third amended complaint and for summary judgment. (Doc. 87). Because the litigating division of the Department of Justice, in this case, the Civil Division, only authorized approval for representation of two of the seven new Defendants named in Plaintiff's third amended complaint, on October 12, 2004, counsel for Defendants filed a motion to

---

1. On November 4, 2004, Paulino was released from custody of the United States Immigration and Customs Enforcement and was removed from the United States to the Dominican Republic.

amend/correct the caption of their motion to dismiss and for summary judgment to reflect the fact that, at the present time, the five remaining Defendants did not join in the motion to dismiss and for summary judgment. (Doc. 89). Counsel noted, however, that the Civil Division had been alerted to expedite the requests for representation of the remaining five Defendants named in Plaintiff's third amended complaint. Id. On November 15, 2004, counsel for Defendants filed a brief in support of the pending motion to dismiss and for summary judgment. (Doc. 97). It is apparent that counsel has now received authority to represent the remaining five Defendants, as the brief in support of the motion to dismiss and for summary judgment is filed on behalf of all Defendants, and counsel sets forth arguments in support of dismissal of these Defendants. (See Doc. 97 at pp. 27-31).

On November 17, 2004, upon consideration of Plaintiff's November 4, 2004 removal, the Court granted Plaintiff a stay of his proceedings until such time as Plaintiff notified the Court of his new address and his readiness to proceed with the action. (Doc. 103). Plaintiff's case was then administratively closed. Id. On December 6, 2004, Plaintiff notified the Court of his new address (Doc. 109), and on December 20, 2004, he filed a motion for enlargement of time within which to respond to Defendants' motion to dismiss and for summary judgment. (Doc. 110). Plaintiff was granted until January 31, 2005, to file a brief in opposition to Defendants' pending motion. (Doc. 111). On February 28, 2005, Plaintiff filed a second motion for enlargement of time to respond to Defendants' motion to dismiss and for summary judgment. (Doc. 112). By Order dated March 18, 2005, Plaintiff was granted until April 10, 2005, to file a brief in opposition to Defendants' motion. Plaintiff was forewarned that if he failed to file a brief within the required time, the Court

would consider dismissing his complaint under the authority of Rule 41(b) for failure to prosecute and comply with a court order. (Doc. 113). To date, Plaintiff has neither filed a brief in opposition to Defendants' motion, nor requested an enlargement of time within which to do so. Thus, for the reasons set forth below, the Court will dismiss the Plaintiff's action.

**Discussion**

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b)....

Id. at 629-30. The Court of Appeals for this circuit held in Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. However, the Court of Appeals did not vitiate the Supreme Court's decision in Link, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. <u>Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked</u>.

Id. at 30 (emphasis added). In deciding whether to dismiss a case for failure to prosecute, six factors should be examined by the District Court: [1] the extent of the plaintiff's personal responsibility; [2] prejudice to the adversary caused by failure to meet scheduling orders and respond to discovery; [3] whether there is a history of dilatoriness in the case; [4] whether the conduct of the party is willful or in bad faith; [5] the effectiveness of alternative sanctions; and [6] the meritoriousness of the claim. <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984); <u>Muslim v. Frame</u>, 854 F.Supp. 1215 (E.D.Pa. 1994); see also <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) ("<u>Poulis</u> did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

In applying these factors to the instant circumstances, the court finds that the dilatoriness of Plaintiff in responding to this Court's March 18, 2005 Order outweighs any of the other considerations set forth in <u>Poulis</u>. The court will, pursuant to Rule 41(b) of the

4

Federal Rules of Civil Procedure, dismiss Plaintiff's complaint both for failure to prosecute and for failure to comply with a court order.

    An appropriate Order is attached.


                                                  s/ William J. Nealon
                                             **United States District Judge**

Dated: May 3, 2005

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE E. PAULINO, a/k/a, ERNESTO SUAREZ-POLENCO : <br> Plaintiff : <br> : <br> v. : <br> : <br> S.A. YATES, Warden, et al., : <br> Defendants : | CIVIL ACTION NO. 3:CV-03-0884 <br><br> (Judge Nealon) |

### ORDER

**AND NOW,** this 3rd day of May, 2005, for the reasons set forth in the accompanying Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. The stay of proceedings granted by this Court on November 17, 2004, is LIFTED.

2. Plaintiff's complaint is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                                                    s/ William J. Nealon
                                                    **United States District Judge**